**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER BURNS, <br><br> Plaintiff, <br><br> and <br><br> ALICE BURNS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLP; et al., <br><br> Defendants - Appellees. | No. 11-16106 <br><br> D.C. No. 4:11-cv-00023-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alice Burns appeals pro se from the district court's judgment dismissing her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam), and we affirm.

The district court properly concluded that Burns' mortgage contract did not subject Burns to involuntary servitude and properly dismissed Burns' claims premised on this servitude theory. *See United States v. Kozminski*, 487 U.S. 931, 943 (1988) (involuntary servitude is established when a "victim had no available choice but to work or be subject to legal sanction"); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) ("In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We lack jurisdiction to review the district court's order denying Burns' motion for reconsideration because Burns failed to file an amended notice of appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

Burns' remaining contentions are unpersuasive.

Finally, Burns' motion to certify the matter to the United States Supreme Court is denied.

**AFFIRMED.**